# HACH ROSE SCHIRRIPA & CHEVERIE LLP

### ATTORNEYS AT LAW

January 6, 2026

**<u>VIA ECF</u>**

Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007

> **Re:** ***Sony Music Entertainment, et al. vs. Rhapsody International Inc, et al.*,**
> <u>**Case No. 1:25-cv-06352**</u>

Dear Judge Preska:

We are serving as local counsel for Defendants Rhapsody International Inc. and Infinite Reality, Inc. ("Defendants").  My co-counsel at Pessah Law Group, P.C. were recently retained and are awaiting pending *pro hac vice* admission of Maurice Pessah as well as admission of associate attorney Lilibet Behdadnia to practice before this Court.

We are in receipt of the Court's Order to Show Cause Re Default Judgment ("OSC") as to Defendants Rhapsody International Inc. and Infinite Reality, Inc. dated December 30, 2025 (the "Order"). The Order sets forth a briefing schedule, and an attendant hearing date of January 14, 2026 for the OSC.

Pursuant to Section 1E of the Court's Individual Practice Rules (IPR), Defendants respectfully request an adjournment of the OSC (and all related briefing dates) so as to allow the filing of a motion for relief from default in accordance with Federal Rule of Civil Procedure 55(c)3. As required by the Court's IPRs, we respectfully submit the following information in response to IPR 1E, subsections (1) through (4) respectively:

> (1) the OSC was issued on December 30, 2025; (2) this the first request for an adjournment of the OSC; (3) no prior requests for adjournment of the OSC have been made; and (4) the undersigned counsel conferred with defense counsel, Jonathan Sperling, on December 31, 2025. Mr. Sperling declined to consent to the subject adjournment on grounds, inter alia, that Defendants previously requested a thirty-day extension to file a responsive pleading in this matter, Plaintiffs went to "substantial efforts" to secure a Clerk's default in this case and that absent "extraordinary circumstances" it would be improper to allow Defendants' to engage in "further delay."

As will be further argued, Defendants' default is the result of an extraordinary and well-documented corporate crisis, including severe financial loss, the abrupt loss of its General Counsel, Chief Financial Officer and more than 100 critical employees within a three-month

Honorable Loretta A. Preska
January 6, 2026
Page 2

period. During this time, Defendant's internal legal and compliance functions were materially disrupted; the disruptions are ongoing.

In light of the foregoing, Defendants respectfully request an adjournment of the OSC to a continued date sufficient to allow for the filing of pre-motion conference letter and full briefing on a motion for relief from default pursuant to FRCP 55(c).

The Court is in receipt of Defaulting Defendants' letter seeking to adjourn the January 14, 2026 Order to Show Cause conference and file a motion seeking relief from default. (Dkt. 33.)

Defaulting Defendants' request is DENIED. This Court has already invited Defaulting Defendants to file a written submission opposing entry of default by January 8, (Dkt. 31), and the issue at hand is a simple one. Moreover, Defaulting Defendants will have the opportunity to present any additional arguments as to why the Court should excuse default under Rule 55(c) at the January 14 conference.

To the extent that Defaulting Defendants still wish to file a written submission in advance of the conference, the Court will extend Defaulting Defendants' opposition deadline to January 9. Plaintiffs' reply deadline remains January 12.

In their submissions and at the conference, the Court invites the parties to address "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." See Henry v. Oluwole, 108 F.4th 45, 52 (2d Cir. 2024).

The Clerk of the Court shall close Dkt. 33.

**SO ORDERED.**

Loretta A. Preska
United States District Judge

January 8, 2026