## COVINGTON

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

Covington & Burling LLP
30 Hudson Yards
New York, NY 10001-2170
T  +1 212 841 1000

**Via ECF**

January 12, 2026

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street, Room 2220
New York, New York 10007

Re:  *Sony Music Entertainment, et al. v. Rhapsody*
     *International Inc., et al.*, **Case No. 1:25-CV-06352**

Dear Judge Preska:

We represent Plaintiffs in the above referenced matter.  We write pursuant to Section 2(g) of the Court's Individual Rules of Practice in Civil Cases to respectfully request leave to file Exhibit 2 to the Declaration of Sara J. Dennis, in support of Plaintiffs' Motion for Default Judgment, under seal and to publicly file a redacted copy of that document.

Good cause exists to file portions of Exhibit 2 under seal because it contains commercially sensitive and confidential business information that would result in competitive harm if disclosed.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) (holding that documents may be kept under seal if "countervailing factors" so demand); *Rowe v. Google LLC*, 2022 WL 4467628, at *2 (S.D.N.Y. Sept. 26, 2022) ("Preventing competitive harm is a countervailing interest that can override the public right of access.").  Disclosure of confidential and negotiated business terms would harm Plaintiff Sony Music Entertainment's ("SME") business interests.  Public disclosure of this information would impair SME's ability to negotiate with third parties and would put it at a competitive disadvantage if made accessible to SME's competitors and parties with whom it negotiates similar types of license agreements.  *See, e.g., In re Google Digital Advert. Antitrust Litig.*, 2021 WL 4848758, at *2 (S.D.N.Y. Oct. 15, 2021) (holding that the "need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute" a protectable interest justifying

*granted*

SO ORDERED

*Loretta A. Preska*    1/13/26

LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE