COVINGTON

BEIJING BOSTON BRUSSELS DUBAI FRANKFURT
JOHANNESBURG LONDON LOS ANGELES NEW YORK
PALO ALTO SAN FRANCISCO SEOUL SHANGHAI WASHINGTON

Covington & Burling LLP
30 Hudson Yards
New York, NY 10001-2170
T +1 212 841 1000

**Via ECF** August 17, 2026

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street, Room 2220
New York, New York 10007

**Re: *Sony Music Entertainment, et al. v. Rhapsody International Inc., et al.*, Case No. 1:25-CV-06352**

Dear Judge Preska:

We represent Plaintiffs. Pursuant to Local Civil Rule 37.2, we write to request a pre-motion conference concerning the failure of Infinite Reality, Inc. ("Infinite Reality") and Rhapsody International Inc. ("Rhapsody," and together with Infinite Reality, the "Judgment Debtors") to respond to Plaintiffs' requests for documents and information pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 69.[1]

In February 2026, this Court issued a Final Default Judgment, awarding actual damages of $9,226,206 against Rhapsody and statutory damages totaling $12 million against Judgment Debtors, jointly and severally. *See* Dkt. #50. On May 6, 2026, Plaintiffs served interrogatories and requests for the production of documents on

[1] This Court retains jurisdiction over issues concerning enforcement discovery despite the Judgment Debtors having filed a notice of appeal. The Final Default Judgment provides that "this Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order." *See* Dkt. #50 at 3. And while the notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal," it does not disturb this Court's "jurisdiction to act to enforce its judgment so long as the judgment has not been stayed or superseded." *Maricultura del Norte, S. de R.L. de C.V. v. WorldBusiness Cap., Inc.*, 2019 WL 2117645, at *3–4 (S.D.N.Y. Apr. 26, 2019) (cleaned up); *see also In re Gushlak,* 2012 WL 2564466, at *10 (E.D.N.Y. Jan. 30, 2012), *report and recommendation adopted,* 2012 WL 1514824 (E.D.N.Y. Apr. 30, 2012) (holding that, following filing of notice of appeal, the district court had jurisdiction to grant sanctions in connection with enforcement of court order) (internal quotation omitted); *In re Fischer*, 53 F. App'x 129, 133 (2d Cir. 2002) (holding that, following initiation of appeal, court's "action to enforce a judgment that had not been stayed on appeal was within its jurisdiction").

both Judgment Debtors requesting information and documents related to the Judgment Debtors' assets, financial transfers, and other financial information relevant to satisfying the final default judgment. *See* Exs. 1–2 (interrogatories); Exs. 3–4 (RFPs). On June 10, 2026, the Judgment Debtors sent responses and objections to those requests, in which they refused to substantively respond to any interrogatory or produce any responsive documents. *See* Exs. 5–8.

Within one day of receiving the Responses, Plaintiffs' counsel requested Judgment Debtors' counsel's availability to meet and confer regarding their discovery responses. *See* Ex. 9. Over two months later, and despite Plaintiffs' follow-up requests, Judgment Debtors' counsel have not offered any times to meet and confer, requiring Plaintiffs to now seek recourse from this Court.

## I. **Plaintiffs' Discovery Requests Are Appropriate Under Rule 69.**

Under Rule 69, judgment creditors are "entitled to a wide range of discovery concerning the assets and liabilities of a judgment debtor." *Banco Central De Paraguay v. Paraguay Humanitarian Found.*, 2006 WL 3456521, at *8 (S.D.N.Y. Nov. 30, 2006); *see also Gibbons v. Smith*, 2010 WL 582354, at *3 (S.D.N.Y. Feb. 11, 2010) (stating that judgment creditors have "wide latitude in using the discovery devices provided by the Federal Rules in post-judgment proceedings"); *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 293 (E.D.N.Y. 2011) (stating that the "scope of post-judgment discovery is broad, . . . and a [judgment creditor] is entitled to a very thorough examination of a judgment debtor with respect to its assets." (internal quotation omitted).

Plaintiffs' discovery requests concern the exact information that is routinely discoverable under Rule 69, including details about Judgment Debtors' "businesses, property, accounts, income, and assets." *HD Supply Facilities Maint., Ltd. v. Real Green Mgmt. Corp.*, 2025 WL 2689591, at *2 (E.D.N.Y. Sept. 19, 2025) (granting motion to compel). Specifically, Plaintiffs' interrogatories, of which there are only seven, ask for information regarding Judgment Debtors' bank accounts, safety deposit boxes, assets, held debts, and payments to officers and principals. *See, e.g.*, Ex. 1 at 7. The document requests seek documents concerning that same information, as well as credit and debit card statements, wire transfers, account-related correspondence, stocks and mutual funds, trusts, and deeds. *See, e.g.*, Ex. 3

at 11. These requests thus squarely seek "to identify suitable assets to satisfy the Default Judgment," including "information regarding bank accounts, income, real estate, and other assets." *See Rose v. Willoughby*, 2025 WL 444904, at *1 (S.D.N.Y. Feb. 10, 2025). Because Plaintiffs' discovery requests conform to the type of information allowed by, and routinely sought through, Rule 69 discovery, Plaintiffs are entitled to the information and documents requested. *See id.*

## II. The Judgment Debtors' Discovery Responses Are Deficient.

Under Rule 37, a party may move for an order compelling disclosure or discovery when the opposing party fails to answer an interrogatory as requested under Rule 33 or produce documents as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). There is no doubt that Judgment Debtors have been deliberately evasive in their responses by refusing to substantively respond to *any interrogatory* or produce *a single document*. *See* Exs. 5–8.

Plaintiffs have also fulfilled their obligation to seek to meet and confer with Judgment Debtors regarding their complete lack of substantive response. Plaintiffs requested Judgment Debtors' availabilities multiple times, only to be stonewalled. *See Republic of Guatemala v. IC Power Asia Dev. Ltd.*, 2023 WL 3294277, at *2 (S.D.N.Y. May 5, 2023) (affirming that moving party had met its burden for motion to compel where an email was sent stating "this email serves as an attempt to confer as required under Federal Rule of Civil Procedure 37(a)(1)"). By ignoring Plaintiffs' repeated requests for a meet and confer and providing not a single substantive response to any of Plaintiffs' reasonable discovery requests, Judgment Debtors have failed to respond under Rule 37, and should be compelled to do so.

Plaintiffs therefore respectfully request a pre-motion conference to address Judgment Debtors' failure to properly respond.

Respectfully submitted,

*/s/ Jonathan M. Sperling*
Jonathan M. Sperling

cc: All counsel of record (via ECF)

The parties shall confer and file a joint letter by Monday, October 5 advising whether further intervention of the Court is required following yesterday's teleconference.

The Clerk of Court shall close Dkt. 75.

**SO ORDERED.**

Loretta A. Preska

___________________________________
Loretta A. Preska
Senior United States District Judge

September 29, 2026