**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SONY MUSIC ENTERTAINMENT; ORCHARD ENTERPRISES NY, INC.; FOUNDATION MEDIA, LLC; SONY MUSIC ENTERTAINMENT BRASIL LTDA,

Plaintiffs,

v.

RHAPSODY INTERNATIONAL INC.; NAPSTER DO BRASIL LICENCIAMENTO DE MUSICA LTDA, INFINITE REALITY, INC., DOES 1-10,

Defendants.

No. 1:25-CV-06352-LAP

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER GOVERNING POST-JUDGMENT DISCOVERY**

**LORETTA A. PRESKA, Senior United States District Judge:**

WHEREAS, a judgment has been entered in this action (the “Judgment”), and the parties are engaged in post-judgment discovery in aid of execution and enforcement of the Judgment pursuant to Federal Rule of Civil Procedure 69(a)(2);

WHEREAS, post-judgment discovery may require the parties and nonparties to disclose nonpublic financial, proprietary, commercially sensitive, and personal information;

WHEREAS, the parties request that this Court issue a protective order pursuant to Federal Rules of Civil Procedure 26(c) and 69(a)(2) to protect such information while permitting appropriate discovery in aid of execution and enforcement of the Judgment;

WHEREAS, the parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing post-judgment discovery and related judgment-enforcement proceedings in this action,

IT IS HEREBY ORDERED that any person subject to this Order, including without limitation the parties to this action (including their respective corporate parents, subsidiaries, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in aid of enforcement of the Judgment, and all other interested persons with actual or constructive notice of this Order, shall adhere to the following terms:

1. With respect to "Discovery Material" (i.e., information of any kind produced, disclosed, or obtained in connection with post-judgment discovery in aid of execution or enforcement of the Judgment, including through document requests, interrogatories, subpoenas, depositions, examinations, or other enforcement-related discovery) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone except as this Order expressly permits.

2. The party or person producing or disclosing Discovery Material (the "Producing Party") may designate such material as "Confidential" in whole or in part, only if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information (for the avoidance of doubt, not including account balances or transaction amounts); that is of a personal or intimate nature regarding any individual; or that is subject to a contractual or other duty of confidentiality owed by the client to a third party.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking the protected portion as "Confidential" in a manner that will not interfere with legibility or audibility; and (b) where reasonably practicable and necessary for public filing or use, producing a redacted copy with the Confidential information removed.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter shall mark the designated testimony as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript shall be responsible for marking the designated portions in their possession or control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all parties shall treat the entire deposition transcript as if it had been designated Confidential.

5. If at any time during the pendency of post-judgment discovery or related enforcement proceedings a Producing Party realizes that it should have designated as Confidential any portion of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all prior recipients in writing. Thereafter, the Court and all persons subject to this Order shall treat the designated portion of the

Discovery Material as Confidential. The receiving person shall make reasonable efforts to retrieve and protect any copies disclosed before receipt of the corrected designation.

6. Nothing contained in this Order shall be construed as: (a) a waiver by a party or person of its right to object to any discovery request, subpoena, examination, or other enforcement procedure; (b) a waiver of any privilege, immunity, or protection; (c) an admission that any Discovery Material is relevant, discoverable, or admissible; or (d) a ruling regarding the admissibility of any document, testimony, or other evidence in any enforcement proceeding.

7. Where a Producing Party has designated Discovery Material as Confidential, persons subject to this Order may disclose such information only to the following persons:

(a) the parties to this action and those of their officers, directors, employees, or representatives whose review of the material is reasonably necessary for post-judgment discovery, execution, enforcement, or satisfaction of the Judgment;

(b) counsel retained for this action and related enforcement proceedings, including any paralegal, clerical, or other assistant that such counsel employs and assigns to this matter;

(c) outside vendors or service providers, such as copy-service providers, e-discovery vendors, or document-management consultants, that counsel retains and assigns to this matter;

(d) any mediator, arbitrator, special master, or other neutral whom the parties engage in connection with the Judgment or its enforcement, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) banks or other financial institutions holding account(s) or asset(s) identified on the face of the document;

(g) federal, state, local, or foreign governmental entities or officials, in connection with efforts to enforce the Judgment;

(h) any witness whom counsel for a party in good faith believes may be called to testify at a deposition, examination, hearing, or other proceeding concerning discovery, execution, enforcement, or satisfaction of the Judgment, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A;

(i) any person a party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with post-judgment discovery or enforcement, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A;

(j) stenographers, videographers, interpreters, or other persons engaged to record or facilitate depositions, examinations, or hearings in this action; and

(k) this Court, including any appellate court, its support personnel, and court reporters.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(h), or 7(i), counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A stating that the person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement and hold it in escrow. Upon a showing of good cause, or before any such person is permitted to testify concerning Confidential Discovery

Material at a deposition, examination, hearing, or other proceeding, counsel shall produce the executed Non-Disclosure Agreement to opposing counsel, unless the Court orders otherwise.

9. Nothing in this Order constitutes authorization to file any document under seal or in redacted form. Any party seeking to file Confidential Discovery Material under seal or with redactions in Southern District of New York Docket No. 1:25-CV-06352-LAP must comply with the applicable law governing public access to judicial documents and with Judge Loretta A. Preska's Individual Practices, including Section 2(G), as amended from time to time. A Confidential designation under this Order, standing alone, does not establish that sealing or redaction is warranted. Any motion or letter-motion seeking Court approval for sealing or redaction in the above-referenced case must explain the particularized basis for the requested relief and must be submitted in the manner required by Judge Preska's Individual Practices. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

10. The Court retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, hearing, examination, or other enforcement proceeding in Southern District of New York Docket No. 1:25-CV-06352-LAP. All persons are on notice that the Court may decline to seal or otherwise afford confidential treatment to Discovery Material that becomes a judicial document, and any sealing or redaction must be narrowly tailored to the interests asserted.

11. If the Court grants an application to seal or redact any filing containing Confidential Discovery Material ("Confidential Court Submission") in Southern District of New York

Docket No. 1:25-CV-06352-LAP, the filing party shall make the public and sealed submissions required by the Court's order and Judge Preska's Individual Practices. Where redaction is permitted, the filing party shall publicly file a redacted version contemporaneously to the extent required by those practices. Nothing in this paragraph alters the independent redaction requirements of Federal Rule of Civil Procedure 5.2.

12. Any party who objects to any designation of confidentiality may, at any time during the pendency of post-judgment discovery or related enforcement proceedings, serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. The parties shall confer in good faith. If they cannot reach agreement promptly, the affected parties may present the dispute to the Court in accordance with Local Civil Rule 37.2 and Judge Preska's Individual Practices. Until the Court rules or the Producing Party withdraws the designation, the material shall continue to be treated as Confidential.

13. Any party who requests additional limits on disclosure, such as an "attorneys' eyes only" designation in extraordinary circumstances, may at any time during the pendency of post-judgment discovery or related enforcement proceedings serve upon counsel for the recipient parties a written notice stating with particularity the grounds for the request. If the parties cannot reach agreement promptly after conferring in good faith, the party requesting additional limits may present the dispute to the Court in accordance with Local Civil Rule 37.2 and Judge Preska's Individual Practices. Such material shall not be subject to any "attorneys' eyes only" limitation unless and until an agreement so designating the material is reached between the parties, or such treatment is ordered by the Court.

14. Recipients of Confidential Discovery Material under this Order may use such material solely for post-judgment discovery in aid of execution, enforcement, and satisfaction of the Judgment in this action; any motion, application, hearing, examination, or other proceeding arising from or relating to such discovery or enforcement; and any appeal relating thereto. Confidential Discovery Material shall not be used for any business, commercial, competitive, or other purpose or in any unrelated litigation or proceeding. Nothing contained in this Order affects or restricts the rights of any Producing Party with respect to its own documents or information.

15. Nothing in this Order shall prevent any person from producing Confidential Discovery Material in its possession in response to a lawful subpoena, other compulsory process, or legal requirement, provided that the recipient gives written notice to the Producing Party as soon as reasonably possible and, if permitted by the time allowed under the request, at least 10 days before disclosure. Upon receiving such notice, the Producing Party shall bear the burden of seeking appropriate relief from the court or tribunal having jurisdiction over the subpoena, compulsory process, or other legal requirement. The recipient shall not be required to violate a lawful directive or deadline while awaiting such relief.

16. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take reasonable and appropriate precautions to prevent the unauthorized or inadvertent disclosure of such material. If a recipient learns of an unauthorized disclosure, the recipient shall promptly notify the Producing Party, take reasonable steps to retrieve or secure the disclosed material, and inform the unauthorized recipient of the obligations imposed by this Order.

17. Within 60 days after the later of (a) full satisfaction, vacatur, or other discharge of the Judgment and (b) the final conclusion of all post-judgment discovery, enforcement proceedings, and appeals relating to the Judgment, all recipients of Confidential Discovery Material shall either return the material, including all copies, to the Producing Party or, upon permission of the Producing Party, destroy it. By the 60-day deadline, the recipient shall, upon written request, certify in writing its return or destruction. Notwithstanding this provision, counsel retained for this action may retain an archival copy of pleadings, motion papers, court filings, transcripts, expert reports, legal memoranda, correspondence, attorney work product, and executed Non-Disclosure Agreements, even if such materials contain Confidential Discovery Material. Any retained archival material remains subject to this Order.

18. This Order shall survive the satisfaction, vacatur, discharge, or other termination of the Judgment and the conclusion of all post-judgment discovery and enforcement proceedings, and shall continue to bind all persons to whom Confidential Discovery Material is produced or disclosed, except as otherwise ordered by the Court.

19. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce obligations arising under this Order or to impose sanctions for violations thereof.

**SO STIPULATED AND AGREED.**

Dated: 10/16/2026

**For Plaintiffs:**

By: s/Jonathan M. Sperling
Jonathan M. Sperling, Esq.
**COVINGTON & BURLING LLP**

Dated: 10/16/2026

**For Defendants:**

By: s/Lilibet Behahnia*
Lilibet Behdadnia, Esq.
**PESSAH LAW GROUP, PC**

30 Hudson Yards
New York, New York 10001-2170
Tel: (212) 841-1153
jsperling@cov.com
Attorneys for Plaintiffs

9100 Wilshire Blvd., Suite 850E
Beverly Hills, CA 90212
(310) 772-2261

NY Office:
745 5th Ave, Ste 500
New York, NY 10151
(646) 814-5994

Attorneys for Defendants Rhapsody
International Inc. and Infinite Reality, Inc.

* Signature used with permission pursuant to
ECF Rule 8.5 Rule(b)

**SO ORDERED.**

Dated: October 16, 2026

LORETTA A. PRESKA
Senior United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT; ORCHARD ENTERPRISES NY, INC.; FOUNDATION MEDIA, LLC; SONY MUSIC ENTERTAINMENT BRASIL LTDA,<br>Plaintiffs,<br><br>v.<br><br>RHAPSODY INTERNATIONAL INC.; NAPSTER DO BRASIL LICENCIAMENTO DE MUSICA LTDA, INFINITE REALITY, INC., DOES 1-10,<br>Defendants. | No. 1:25-CV-06352-LAP |

**EXHIBIT A**
**NON-DISCLOSURE AGREEMENT**

I, ________________________________, acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order Governing Post-Judgment Discovery entered in this action (the "Protective Order"). I understand that the Protective Order governs the nondisclosure and use of Discovery Material designated as Confidential. I agree that I will use such Confidential Discovery Material solely for purposes permitted by the Protective Order and will not disclose it to anyone except as the Protective Order permits. I further agree that, at the conclusion of my involvement in the post-judgment discovery or enforcement proceedings, I will return or destroy Confidential Discovery Material as directed by the attorney or party from whom I received it. By acknowledging these obligations, I understand that I submit myself to the jurisdiction of the United States District Court for the Southern District of New York for any issue or dispute arising under the Protective Order and that a willful violation of the Protective Order may subject me to punishment for contempt of Court.

Dated: ____________________

______________________________________
Signature

______________________________________
Printed Name