UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SONY MUSIC ENTERTAINMENT; ORCHARD ENTERPRISES NY, INC.; FOUNDATION MEDIA, LLC; SONY MUSIC ENTERTAINMENT BRASIL LTDA,

Plaintiffs,

v.

RHAPSODY INTERNATIONAL INC.; NAPSTER DO BRASIL LICENCIAMNTO DE MUSICA LTDA, INFINITE REALITY, INC., DOES 1-10,

Defendants.

25-cv-06352

**ORDER**

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is nonparty Marcel Albert's motion to intervene in this action.[1] For the reasons set forth below, Albert's motion is DENIED.

**BACKGROUND**

On February 9, 2026, the Court entered final default judgment against Defendants Rhapsody International Inc. and Infinite Reality, Inc. (the "Judgment Debtors") for infringement of the 240

[1] The Court has considered Albert's submissions at Dkts. 59, 61-68, 71-74, and 79. Mindful of Albert's pro se status and his representation that he did not timely receive the July 21, 2026 Order (Dkt. 74), the Court has nonetheless considered all of Albert's submissions on the merits and construes each "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted).

works listed in Exhibit A to the Complaint. (Dkt. 50 ¶ 2; Dkt. 1-1.) Months after judgment, Albert moved to intervene. Albert claims that he is a third-party beneficiary of his own agreements with Plaintiffs and that Plaintiffs omitted his recordings from the judgment. Albert also claims that he holds a lien on any proceeds tied to the judgment. (Mot. at 1-2, 4-6.) Accordingly, Albert seeks disclosure of the covered works, disqualification of and sanctions against Plaintiffs' counsel, and notice before any distribution. (Id. at 6.) Albert's later filings also seek a hearing and various other requests for relief. (Dkts. 59, 62-63, 65-67, 72-73.)

Albert's litigation conduct in this matter is consistent with that displayed before Judge Failla in Albert v. DistroKid LLC, No. 25 Civ. 1705 (KPF). There, Judge Failla appropriately described Albert's serial filings as a repeated "scorched earth litigation tactic," No. 25-CV-1705, Dkt. 104 at 4, and struck filings containing a "wholly fabricated tale" resting on a "perjurious affidavit," Dkt. 111 at 2. Following the barrage of submissions in this matter, the Court denied Albert electronic filing privileges and barred further submissions absent leave of court. (Dkts. 70.)

## DISCUSSION

### A. Albert Is Not Entitled To Intervene as of Right

A nonparty is entitled to intervention as of right when the nonparty asserts a timely claim to an interest relating to the subject of the action that its disposition may impair. Fed. R. Civ. P. 24(a)(2); MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, 471 F.3d 377, 389 (2d Cir. 2006). The interest asserted by the nonparty must be "direct, substantial, and legally protectable," and an interest that is purely "contingent upon the occurrence of a sequence of events before it becomes colorable" does not suffice for these purposes. Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990).

Here, Albert has no such interest because Albert claims none of the works on which judgment was entered. Albert's primary grievance is that his recordings were left out of this litigation. (Mot. at 2, 4.) Thus, by Albert's own admission, the judgment in this case cannot bind Albert as to the entirely separate collection of works in which Albert claims an interest. Moreover, any royalties that Albert seeks have no bearing on this case and would need to be pursued in a separate action against Albert's own licensors.

Accordingly, Albert is not entitled to intervene as of right.

**B. Permissive Intervention Is Denied**

Whether to grant Albert permissive intervention is a matter committed to the Court's discretion. In considering whether to grant permissive intervention, the Court weighs heavily the threatened prejudice to existing parties and undue delay by the nonparty. AT&T Corp. v. Sprint Corp., 407 F.3d 560, 561-62 (2d Cir. 2005). Here, permitting Albert to intervene at this late stage would inflict significant prejudice on the existing parties. Intervention would reopen the judgment to add unpleaded works that neither party sought to include in this litigation. To the extent Albert wishes to pursue claims regarding these entirely separate works, he is free to bring a separate action. Accordingly, the Court denies permissive intervention.

**C. Albert's Remaining Requests**

Albert's remaining motions, to the extent they are even cognizable, are meritless. Albert is not entitled to a hearing and identifies no basis on which a nonparty may seek disqualification of Plaintiffs' counsel. Finally, for the reasons articulated above, this Order presents no question warranting certification under 28 U.S.C. § 1292(b).

**CONCLUSION**

For the foregoing reasons, all of Albert's pending motions are DENIED. The Court's July 21, 2026 Order remains in effect and any unauthorized submissions will be stricken.

The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and in forma pauperis status is denied for purposes of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court shall close Dkts. 55, 61, and 63-67. The Clerk of Court shall also mail a copy of this Order to Albert.

**SO ORDERED.**

Dated: New York, New York
November 5, 2026

LORETTA A. PRESKA
Senior United States District Judge